UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHEN KNIGHT LEWIS,

      Plaintiff,

 v.

CITY OF LAKEWOOD, *et al*.,

      Defendants.

No. 08-5589FDB/JRC

ORDER ON PENDING MOTIONS

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

Before the court are plaintiff's motions for appointment of counsel and leave of court to amend the complaint (Dkt # 16 and 17). The City of Lakewood opposes appointment of counsel, and opposes in part the amendment of the complaint (Dkt # 19 and 20). Lakewood does not oppose adding two named police officers, but does oppose adding the Police Chief to this action (Dkt # 20). The Court has examined the motions and the responses.

ORDER - 1

Motion to Appoint Counsel. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(e) (1), can request counsel to represent a party, the court may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Wilborn, 789 F.2d at 1331.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. See proposed amended, Complaint (Dkt # 16). The likelihood of success on the merits does not favor appointment of counsel at this point in time. Accordingly, Plaintiff's Motion to Appoint Counsel (Dkt. # 17) is **DENIED**.

Motion to Amend the Complaint. Plaintiff names the two police officers he claims acted improperly when he was arrested (Dkt. # 16, proposed complaint). Lakewood does not oppose adding these defendants to the action (Dkt. # 20). Plaintiff also names the City of Lakewood Chief of Police, but provides no facts showing the Police Chief was involved in the incidents that give rise to this action. Lakewood opposes the addition of the Police Chief (Dkt. # 20). The objection is well taken. The motion to amend the complaint is GRANTED IN PART AND DENIED IN PART. Plaintiff may submit a new amended complaint naming additional defendants Dave Butts and Nick McClellan, but shall not name the Lakewood City Chief of Police. Plaintiff will have until May 29, 2009, to provide service documents for Officers Butts and McClellan.

ORDER - 2

| | |
|---|---|
| 1 | The clerk of court is directed to send copies of this order to Plaintiff. The clerk's office should remove Dkt. # 16 and 17 from the Court's calendar. Further, the clerk's office is directed to note May 29, 2009, as the due date for service documents. |

The clerk of court is directed to send copies of this order to Plaintiff. The clerk's office should remove Dkt. # 16 and 17 from the Court's calendar. Further, the clerk's office is directed to note May 29, 2009, as the due date for service documents.

DATED this 28th day of April, 2009.

J. Richard Creatura
United States Magistrate Judge

ORDER - 3