UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHEN KNIGHT LEWIS,<br><br>                      Plaintiff,<br><br>  v.<br><br>LAKEWOOD POLICE DEPARTMENT *et al.*,<br><br>                     Defendants. | No. 08-5589FDB/JRC<br><br>ORDER TO PROVIDE ADDITIONAL BRIEFING |

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Before the court is Defendant's Motion for Summary Judgment (Dkt. # 32).

      While plaintiff responded to the motion, (Dkt. # 41), he did not submit admissible evidence to support his allegations that he complied with Officer Butts' orders after the Taser was first deployed. The Supreme Court in <u>Lujan</u> stated:

ORDER- 1

Rule 56 (c) provides that judgment "shall be entered" against the nonmoving party unless affidavits or other evidence "set forth specific facts showing that there is a genuine issue for trial." The object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit. Cf. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Lujan v. National Wildlife Federation, 497 U.S. 871, 889 (1990). Further, Plaintiff was informed of his duty to submit evidence in an admissible format in the Scheduling Order. The Court stated:

> If a motion for summary judgment is filed, it is important for the opposing party to note the following:
>
> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**
>
> Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added). Furthermore, Local Rule CR 7(b)(4) states that a party's failure to file necessary documents in opposition to a motion for summary judgment may be deemed by the court to be an admission that the opposition is without merit.

(Dkt. # 14).

Plaintiff states in his response to the motion for summary judgment that he complied with Officer Butts' orders, but he submits no evidence through affidavits or other forms of evidence to support his allegation. Plaintiff is acting pro se. The Court grants him a chance to cure the

ORDER- 2

defect in his pleadings. Plaintiff's additional response to the Motion for Summary Judgment will be due on or before September 25, 2009. Any reply defendants wish to file will be due on or before October 2, 2009. The portion of the Summary Judgment motion dealing with Officer Butts and use of the Taser will be re-noted for October 9, 2009.

The Clerk's office is directed to send plaintiff a copy of this order, re-note the Summary Judgment Motion, (Dkt. # 32), for October 9, 2009, and note the due dates for additional response and reply.

DATED this 24th day of August, 2009.

J. Richard Creatura
United States Magistrate Judge

ORDER- 3